UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MAURICE MITCHELL INNOVATIONS, L.P., | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 2:04-CV-00450 LED |
| INTEL CORPORATION, | § § | Judge: Hon. Leonard Davis<br>Date Complaint Filed: Dec.17, 2004 |
| Defendant. | § | Judgment Entered: Dec. 11, 2006 |

**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO
DEFENDANT INTEL CORPORATION AND TO
POSTPONE SAME PENDING APPEAL**

TO THE HONORABLE JUDGE DAVIS OF SAID COURT:

**COMES NOW** MAURICE MITCHELL INNOVATIONS, L.P., Plaintiff ("Mitchell"), to reduce the Request for Costs of Defendant INTEL CORPORATION ("Intel") and to postpone same pending appeal, as follows:

**APPLICABLE LAW**

"We apply the law of the regional circuit in reviewing purely procedural issues not pertaining to patent law . . . [including] a cost award." *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1357; 62 U.SP.Q.2d (BNA 1145; 52 Fed. R. Serv. 3d (Callaghan) 520 (Fed. Cir. 2002), *cert. denied sub nom Dorel Juvenile Group, Inc. v. Kohus*, 537 U.S. 1044 (2002) (citations omitted). However, in all events the plain language of a statute and controlling Supreme Court precedent must be followed.[1]

---

[1] "In accordance with *Crawford Fitting [Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)], the district court in this case was limited to awarding those costs specified by

**Civil Action No. 2:04-cv-00450 LED**
**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO**
**DEFENDANT INTEL CORPORATION AND TO POSTPONE SAME PENDING APPEAL**      Page 1 of 15
F:\Stor\RLS\MITCHELL\INTEL\P&D\Mtn Reduce Award of Costs.wpd

## GENERAL LAW ON RECOVERABLE COSTS

In *Emerson v. National Cylinder Gas Co.*, 147 F. Supp. 543; 1112 U.S.P.Q. (BNA) 163 (D. Mass. 1957), *aff'd*, 251 F.2d 152, 158; 116 U.S.P.Q. (BNA) 101 (1st Cir. 1958), the court addressed a defendant's costs request in a patent infringement case resolved favorably to the defendant. Pertinent to the discussion here are the following comments of the trial court:

> A lawsuit is costly enough without underwriting carte blanche all extravagances the other side chooses to indulge in. Throughout I received the impression that defendants were making the prosecution of this case as expensive as they could. The plaintiffs had patents. . . . Apprehension of the imposition of excessive costs should not exist as a possible deterrent against the prosecution of legitimate disputes. . . . In my opinion 25% rather than 100% of defendants' expense would have been quite sufficient to cover the problems in the case in an adequate understandable manner. . . . Preparation costs should not be taxable.

*Emerson*, *supra*, 147 F. Supp. at 545. These considerations apply perfectly to this case.

Also, the precise terms of 28 U.S.C. § 1920 are to be followed as the limit of recoverable costs, with discretion only to *limit* or *refuse* to tax such costs in favor of the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42;

---

28 U.S.C. § 1920. The only provision of § 1920 that could arguably apply to defendant's video exhibit is subsection (4) regarding "exemplification and copies of papers." A video obviously is not a copy of paper. Nor is it an exemplification when that term is given its legal definition of "an official transcript of a public record, authenticated as a true copy for use as evidence." Black's Law Dictionary 593 (7th ed. 1999). We reject defendant's contention that "exemplification" should be construed broadly to encompass the video exhibit in this case. . . . Congress did not use the broad phrase "demonstrative evidence" in § 1920, and we are clearly bound not to exceed the limits of this statute. See *Crawford Fitting*, 482 U.S. at 445. Thus, because the video exhibit in this case is not an exemplification, the district court had no statutory authority to award costs for the video. The district court erred by taxing the cost of the video to Kohus." *Kohus, supra*, 282 F.2d at 1359.

7 Fed. R. Serv. 3d (Callaghan) 1161 (1987); *West Virginia Hospitals, Inc. v. Casey*, 499 U.S. 83, 86-87 (1991); *Kohus*, *supra*, at 1359; *United States ex rel. Evergreen Pipeline Construction Co., Inc. v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 171-72 (2d Cir. 1996).

In *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128; 219 U.S.P.Q. (BNA) 958; 37 Fed. R. Serv. 2d (Callaghan) 526 (5th Cir. 1983), on appeal from a decision of the Eastern District of Texas, the Court considered whether "the district court erred in awarding [successful defendant] Kodak $90,432.48 in costs." 713 F.2d at 132. Citing from part of its discussion on this issue, the Court stated that "the district court should not grant . . . costs in a case such as this carte blanche. . . . [T]he district court should examine the possibility that only parts of the . . . costs should be assessed." *Id*. at 133. A cost request should not be granted "irrespective of [the] value to the litigation." *Id*. "To award the cost . . ., the court must find that they were not 'obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.'" *Id*. (cite omitted). "A finding of necessity is a factual finding" which the trial court must make. *Id*.

In light of these authorities, the cost bill of Intel is exorbitant, most of the items were not necessary to its presentation of its case to this Court, many of which are not properly authenticated or demonstrated, and some of which are beyond the plain terms of § 1920. Any award of costs to Intel should therefore be greatly reduced from the Request.

## **OBJECTIONS TO SPECIFIC ITEMS**

I.     **Fees of the Clerk and Marshal**

Mitchell has no objection to this category of costs in the amount of $75.00.

II.    **Fees of the Court Reporter**

Mitchell objects to this category for several reasons. First, it is not shown that the "hearing transcript" was "necessarily obtained for use in the case," Intel Request at 2, as opposed to the convenience of counsel. Intel does not explain why obtaining a copy of this transcript was necessary to presentation of its case nor why notes would not have sufficed. *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363; 36 Fed. R. Serv. 2d (Callaghan) 862 (5th Cir. 1983) (costs request not allowed if only "'for the convenience of the defendants' and not necessary for use in the trial") (citation omitted).

The *deposition* expenses are even less obviously "necessarily obtained" and also include items clearly not recoverable. For example, Intel does not explain why *any* of the depositions listed were "necessarily obtained." "There is also respectable authority for the proposition that the cost of the transcript of a pre-trial deposition should not be allowed if the deposition was taken only as part of the attorney's investigation, *i. e.* as part of thorough preparation for the trial." *Bowman v. West Disinfecting Co.*, 25 F.R.D. 280, 285; 3 Fed. R. Serv. 2d (Callaghan) 865 (E.D.N.Y. 1960) (footnote citations omitted) (adopting that position). "In general I hold that the burden of proof on purely local depositions, prima facie taken as discovery or preparation rather than for use at the trial, is upon the party claiming them. Preparation costs should not be taxable." *Emerson*, *supra*, 147 F. Supp.

**Civil Action No. 2:04-cv-00450 LED**
**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO**
**DEFENDANT INTEL CORPORATION AND TO POSTPONE SAME PENDING APPEAL**                                                Page 4 of 15
F:\Stor\RLS\MITCHELL\INTEL\P&D\Mtn Reduce Award of Costs.wpd

at 545 (citations omitted).  "We have also noted that 'a district court has great latitude in determining whether a deposition was "necessarily obtained for use in the case" or was obtained merely for the convenience of the attorney.'"  *Brumley Estate*, *supra*, 704 F.2d at 1363 (5th Cir.) (citation omitted).[2]  Depositions taken merely to obtain "historical background," in whole or in part, are of "relatively minor significance" and those costs should not be allowed.  *Emerson*, *supra*, 147 F. Supp. at 545.  "The allowances for witnesses are based on the premise that their testimony be relevant and material."  *Bowman*, *supra*, 25 F.R.D. at 284 (footnote citations omitted).

Again, Intel has simply not advised the Court of the purpose or scope of any or all of the depositions listed and certainly has not shown they were taken as necessary to the presentation of Intel's case at trial (or on motion for summary judgment), and therefore the deposition expenses should be **DENIED** altogether.

There are also specific expense items which should also not be allowed.  First, Intel does not indicate whether the transcript expenses shown are for only the original or also for copies for the convenience of counsel.  *Studiengesellschaft Kohle*, *supra*, 713 F.2d 133-34 (5th Cir.).  "[T]his breakdown must be supplied."  *Id*. at 134.[3]

---

[2] Here, however, Intel has given the Court no basis for making such a determination, and therefore the deposition related expenses requested should be denied *en toto* as a matter of law.

[3] Although the Court allowed for remand on this point, this was because the Eastern District had allowed the costs in the first instance.  Since the stage of this case is consideration of the costs request in the first instance, the fact that Intel has not supplied this information is a sufficient basis simply to disallow the deposition expenses request altogether in the Court's sound discretion.

"[T]here remains applicable the limitation of § 1920." *West Virginia University Hospitals v. Casey*, 499 U.S. at 87. "However, we must follow the *Crawford* reasoning [and concur with] the plain language of § 1920." *Evergreen Pipeline*, *supra*, 95 F.3d at 172 (citations omitted). The applicable provision thereof, subsection (2), very explicitly allows for "Fees of the court reporter for all or any part of the *stenographic transcript* necessarily obtained for use in the case" (emphasis added). According to *Webster's Universal Encyclopedic Dictionary* (Barnes & Noble Books: New York 2002) at 1805, "stenographic" is the adjective form of "stenography" which is defined as "the making of shorthand notes and subsequent transcription of them." Per the same at 1961, "transcript" means "a written, printed, or typed copy; *especially*: a usually typewritten copy of dictated or recorded material." Thus, clearly it is the "typewritten" or "printed" copy of the statements made a the deposition which is covered by § 1920, *and nothing else.*

Chief Justice Rehnquist wrote in the Supreme Court's decision in *Crawford*, *supra*: "Title 28 U. S. C. § 1920 now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." 482 U.S. at 440. "The Act 'specif[ied] in detail the nature and amount of the taxable items of cost in the federal courts.'" *Id.* at 444 (citation omitted). The judiciary has no "roving authority" to exceed congressional limits on what costs are recoverable. *Id.* (citation omitted). Yet, Intel asks this Court to allow shifting of *expenses* for such matters as "Exhibits," "Processing and Delivery," "Copying, tabbing, scanning & archiving," "DVCam Tape," "Digital Video,"

"Shipping and Handling," "DVD ROMs," and "Sales Tax."[4] This is quite far afield from the "stenographic transcript," even if allowance is made for some other method of "transcription" than from "shorthand." Clearly Congress only considered the *transcription itself* to be a matter of "cost shifting," not simply any matter of "convenience" whereby a party might choose to make use of the transcript, or facilitate such use.[5]

Therefore, any deposition expenses requested should be denied as "costs" because either: (1) there is no showing of the necessity of the depositions to the trial or summary judgment submissions; (2) there is no showing whether the charges are for only the original of the deposition or any copies–and, if for copies, why the copies are "necessary" for trial or summary judgment submission, rather than merely for the convenience of counsel; and/or (3) at least the "added" expenses for other items are not recoverable under the plain terms of 28 U.S.C. § 1920, which govern under *Crawford*–alternatively, even if they might be covered in some instances, Intel has not shown them to be "necessary" *here* to trial or summary judgment submissions, as opposed to being "for the convenience of counsel." *Cf. American Automotive, Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 998 (N.D. Ill.

---

[4] Intel also lists "Appearance Fee," but does not specify any statutory basis for this inclusion nor explain any statutory calculation basis for such numbers, *contra* to *Crawford*'s discussion of 28 U.S.C. § 1821's "witness fee" provision, *see Crawford*, 482 U.S. at 440-41 & *passim*. The whole thrust of *Crawford* in that respect is that this limitation must be complied with *even if it seems "outdated"* until Congress sees fit to amend that statute.

[5] Any cases which may hold to the contrary are simply in conflict with the Supreme Court's decision in *Crawford* and are therefore not good authority for a decision by this Court. *Cf. Kohus*, *supra*, 282 F.3d at 1360 ("Notably, *Swan [Carburetor Co. v. Chrysler Corp.*, 149 F.2d 476 (6th Cir. 1945)] was decided before the benefit of the Supreme Court's guidance that costs are restricted to only those specified by statute.").

1998), *aff'd*, 175 F.3d 534 (7th Cir. 1999) (finding as "not reasonably necessary for use in this case ... 900 pages of documents necessary to *generate binders of pleadings as part of Defendant's file*. The court finds that these copies were made for the convenience of the attorneys and, therefore, should not be taxed as costs.") (emphasis added).

III. **Fees of the Exemplification and Copies**

The first difficulty with this category is there is no way to determine if there is duplication in this category with "costs" requested in the prior deposition category. In the deposition expenses, there are entries for "Exhibits" and "Copying." Whereas, the chart for the "Category 3" request is stated to be for "Photocopies and Graphics." All the identification of these items is by "Invoice" numbers, with no specification of what the invoices are for; particularly, whether they may be for copies of depositions or exhibits to depositions. Therefore, because there is the appearance of duplication and nothing to rebut it, and no method of distinction between what may be duplicative and what is not, no costs should be allowed under Category 3.

Second, the mere identification by "Invoices" is problematic and fatal in and of itself. "Evergreen did not, however, itemize those costs or explain why all those copies were necessary." *Evergreen Pipeline*, *supra*, 95 F.3d at 173. This is especially egregious when the total number is $411,200.08![6] As the Fifth Circuit stated in *Fogleman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991):

---

[6] The "offer" to reduce this number by half, still resulting in a cost request merely for copies of $205,600.14, is spurious, because there is no basis to determine the validity of the first number, as a result of which there is no predicate to determine the "generosity" of the offer to halve it.

> ARAMCO has provided no itemized breakdown of the copying costs incurred .... It is therefore *impossible* to tell to what extent copies charged to ARAMCO were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel. While certainly we do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation. The Foglemans should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, *or any of the other multitude of papers that may pass through a law firm's xerox machines*.

*Id*. at 286 (emphasis added).

This clear Fifth Circuit law is precisely in *accord* with the directly-on-point holding on this issue in the *American Automotive v. Fishman* case, *supra*:

> With respect to the expenses incurred by outside print shops, Defendant's substantiation and description regarding these copies consists merely of attaching invoices to his bill of costs.[7] ... *These invoices do not describe what was copied* and, in some instances, *do not describe the costs per page or the number of copies*. As this court cannot discern the purpose of the copies from the invoices, this court cannot "determine whether the copies were reasonably necessary for use in the case." ... Therefore, Defendant's request for $ 1365.50 in costs for copies by outside print shops is *denied*.

*Id*., 991 F. Supp. at 997 (emphasis added; citation omitted). How much the more so in this case where there is even less substantiation and the number is $411,200.08! (or even $205,600.14). The request for costs for copies under Category 3 should be **DENIED**.

Third, the Category 3 request chart states it is for "Photocopies *and Graphics*" (emphasis added). Again, there is no specification in the Invoices as to what these

---

[7] Except that, here, *not even the invoices themselves are attached*. Instead, we have merely the invoice *numbers*, with Intel's "word for it" that there were even any such copies copied.

charges represent. Without knowing which charges are for graphics and which are for copying, there is no possible basis upon which the charges can be awarded as costs. Graphics are not a recoverable cost, per the literal language of § 1920(4) ("*exemplification* and *copies* of *papers*") (emphasis added), and hence are excluded under *Crawford*. *Kohus*, *supra*, 282 F.3d at 1359. In fact, under Fifth Circuit authority, "there is no statutory provision for the award of costs for charts, models and photographs [graphics certainly fall in this categorization], [so] they may be taxed as costs only if there is a pretrial authorization by the trial court. The record does not show any prior approval; therefore, the district court should have disallowed this cost. This award is reversed." *Studiengesellschaft Kohle*, *supra*, 713 F.2d at 133 (reversing cost award of the Eastern District in pertinent part).[8]

Fourth, even if there were the possibility that expenses related to graphics could ever be recoverable as costs *arguendo*, which is denied, still Intel has shown no basis to demonstrate that the expenses for *these* graphics, whatever they may be (which is not specified), are recoverable as "necessary for trial" (or summary judgment submissions). "While a party is free to offer charts of this elaborate perfection, and, confessedly, I enjoyed as artistic productions those that I used, *it is another matter to charge this to the*

---

[8] The *Studiengesellschaft Kohle* decision *preceded* the Supreme Court's decision in *Crawford*, *supra*, so the fact that these items *are not statutorily authorized*, per *Studiengesellschaft Kohle*, means that they cannot be recovered as costs *at all*, regardless any prior authorization by the trial court. *Kohus*, *supra*, 282 F.3d at 1359. *Studiengesellschaft Kohle* is quite correct that this is no statutory authorization for the recovery of "graphics" expenses as costs, as § 1920(4) only allows for "[f]ees for exemplification and copies of papers…," as noted *supra*. There is no possible construction of that provision which would cover "graphics." *Kohus*, *supra*.

**Civil Action No. 2:04-cv-00450 LED**
**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO**
**DEFENDANT INTEL CORPORATION AND TO POSTPONE SAME PENDING APPEAL**     **Page 10 of 15**
F:\Stor\RLS\MITCHELL\INTEL\P&D\Mtn Reduce Award of Costs.wpd

*unsuccessful party.*" *Emerson*, *supra*, 147 F. Supp. at 545 (emphasis added). *Cf.* the appellate decision in *Emerson*, *supra*, 251 F.2d at 158 ("Here it was decided that the charts were repetitious and overdone far beyond the needs of the occasion.").[9]

Fifth, there is certainly no statutory basis for the recovery of "tabs, bates labels, scanning, conversion, and production" under § 1920, so these cannot be recovered. As there is no distinction drawn in the invoices as to what portion thereof relates to "scanning, conversion, labeling, [and] production," as opposed to simply "copying costs," this is yet another reason why *none* of the total request for $411,200.08 (or even the "generously" halved $205,600.14) can be determined to be recoverable costs. Hence, they cannot be recovered. Certainly also, at a minimum, there has been no showing that these items were "necessary for trial" as opposed to merely being for "convenience of counsel."

As a result, there should be **NO AWARD** of any items listed in Category 3.

IV.  **Court Appointed Experts**

Mitchell does not contest that the expenses incurred for court appointed experts are recoverable costs. Therefore, Mitchell has no objection to those charges being taxed.

## UNTIMELINESS OF THE REQUEST

Prior to Intel's filing its Request, Mitchell initiated an appeal of this case to the Federal Circuit. Therefore, at this juncture there can be no determination that Intel is the "prevailing party" entitled to recovery of costs. Consequently, the determination and

---

[9] Note that *Emerson* also was a pre-*Crawford* decision as to whether such items are even in the category of recoverable costs in the first instance; which, as shown above, they are *not*. *Cf. Kohus*, *supra*, 282 F.3d at 1360 ("did not have the benefit of the Supreme Court's guidance").

taxation of costs should be made to abide the outcome of the appeal.

## EXTRANEOUS MATTERS

There has been no showing that Intel is correct as to any other matters it pursued in discovery besides that upon which it prevailed on summary judgment. As a result, Intel has not shown that much of the expenses for which it seeks recovery were reasonably necessary for trial. *Cf. Emerson*, *supra*, 147 F. Supp. at 544 ("By further extensive depositions and innumerable exhibits defendants sought, unsuccessfully, to establish the second Goodner Venturi machine as prior art.").[10] While pursuit of alternative theories may be recoverable in *some* instances, *Emerson*, *supra*, 147 F. Supp. at 544, there still must be some showing that these other avenues were *in fact* reasonably pursued, which has not been shown. Without any specification by Intel as to what the various of its charges for depositions and copies were for, *i.e.*, to what theories of defense they were related, there cannot be any recovery of "costs" as "reasonably necessary for trial" for any of them.

In fact, the issue for summary judgment was a *legal* issue of *invalidity*, whereas the depositions were directed to issues of infringement, and there was no reason why Intel had to wait until after discovery to present the invalidity issue to the Court via summary

---

[10] This was also noted on the appeal, 251 F.2d at 158 ("The court also held that the depositions primarily related to certain devices that the defendant maintained were prior art, which defense was totally unsuccessful. In *White Cap Co. v. Owens-Illinois Glass Co.*, 6 Cir., 1953, 203 F.2d 694, certiorari denied 346 U.S. 876 ..., it was held not to be an abuse of discretion to divide the costs between plaintiff patentee and defendant even though the court affirmed the district court's finding that the patent in question was invalid for want of invention over the prior art. We hold that under the circumstances of the instant case it was not an abuse of discretion for the district court to deny the defendant full costs.")

**Civil Action No. 2:04-cv-00450 LED**
**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO**
**DEFENDANT INTEL CORPORATION AND TO POSTPONE SAME PENDING APPEAL**      **Page 12 of 15**
F:\Stor\RLS\MITCHELL\INTEL\P&D\Mtn Reduce Award of Costs.wpd

judgment submissions. Therefore, the deposition expenses were not necessary for trial (summary judgment). *Cf. Kohus*, *supra*, 283 F.3d at 1358 n.5 ("which was not considered by the court in reaching summary judgment").

## **CONCLUSION & PRAYER FOR RELIEF**

Defendant Intel has presented no evidence, or factually and legally insufficient evidence, to predicate any award of costs under its Categories 2 and 3 of its Request for deposition-related expenses and "copying" costs. At the least, it has not sufficiently identified what portions of any such charges relate to matters covered under § 1920, or were reasonably necessary for trial of the summary judgment submissions. Plaintiff Mitchell agrees that Intel is entitled to recover costs for the *Pro Hac Vice* admissions and half of the Court-appointed expert fees. Except as to Categories 1 and 4, the Request for Costs should in all things be **DENIED**; alternatively *arguendo*, they should at least be **REDUCED** on the basis of the Objections heretofore raised as to such items of the Request.

Further, in all events, any award of costs should be postponed pending completion of the Appeal No. 2007-1108, now pending before the U. S. Court of Appeals for the Federal Circuit.

Mitchell also seeks such other relief to which it may also be entitled.

**Civil Action No. 2:04-cv-00450 LED**
**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO**
**DEFENDANT INTEL CORPORATION AND TO POSTPONE SAME PENDING APPEAL**      **Page 13 of 15**
F:\Stor\RLS\MITCHELL\INTEL\P&D\Mtn Reduce Award of Costs.wpd

Respectfully submitted,

/s/Richard L. Schwartz
      RICHARD L. SCHWARTZ
      Texas Bar No. 17869500
Mack Ed Swindle
Texas Bar No. 19587500
**WHITAKER CHALK SWINDLE & SAWYER L.L.P.**
301 Commerce Street, Suite 3500
Fort Worth, TX 76102-4186
(817)878-0500; Fax: (817)878-0501
rschwartz@whitakerchalk.com
mswindle@whitakerchalk.com

T. JOHN WARD, JR.
Texas Bar No. 00794818
**THE LAW OFFICE OF T. JOHN WARD, JR., P.C.**
P.O. Box 1231
Longview, TX 75606
(903)757-6400; Fax: (903)757-2323
jw@jwfirm.com

FRANKLIN JONES, JR.
Texas Bar No. 00000055
**JONES & JONES, INC.**
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
(903)938-4395; Fax: (903)938-3360
franklin@millerfirm.com

S. CALVIN CAPSHAW
Texas Bar No. 03783900
ELIZABETH L. DeRIEUX
Texas Bar No. 05770585
ANDREW W. SPANGLER
Texas Bar No. 24041960
**BROWN MCCARROLL, L.L.P.**
1127 Judson Road., Ste. 220
P.O. Box 3999
Longview, TX 75606-3999
(903)236-9800; Fax: (903)236-8787

**Civil Action No. 2:04-cv-00450 LED**
**PLAINTIFF'S MOTION TO REDUCE AWARD OF COSTS TO**
**DEFENDANT INTEL CORPORATION AND TO POSTPONE SAME PENDING APPEAL**     **Page 14 of 15**
F:\Stor\RLS\MITCHELL\INTEL\P&D\Mtn Reduce Award of Costs.wpd

ccapshaw@mailbmc.com
ederieux@mailbmc.com
aspangler@mailbmc.com

**OTIS W. CARROLL JR.**
Texas Bar No. 03895700
**IRELAND, CARROLL & KELLY, P.C.**
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
(903)561-1600; Fax: (903)581-1071
otiscarroll@icklaw.com

**ATTORNEYS FOR PLAINTIFF**
**MAURICE MITCHELL INNOVATIONS, L.P.**

OF COUNSEL:

Manny D. Pokotilow
**CAESAR, REVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.**
Seven Penn Center, 12th Floor
1635 Market St.
Philadelphia, PA 19103-2212
(215)567-2010; Fax: (215)751-1142
mpokotilow@crbcp.com
Daniel Rapaport
**WENDEL, ROSEN, BLACK AND DEAN, LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
(510)834-6600; Fax: (510)834-1928
drapaport@wendel.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the U.S. District Court's Electronic Case Filing System on this   4th   day of January, 2007.

/s/ Richard L. Schwartz